FILED IN OPEN COURT
DATE 5/1/2024
BY C. Amos
DEPUTY CLERK

UNITED STATES DISTRICT COURT Lynchburg DIVISION, W.D. of VA
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 3:23cr15 |
| | : | |
| MICHAEL EDWARD CORNETT | : | |

### AGREED STATEMENT OF FACTS

The United States and the defendant, MICHAEL EDWARD CORNETT ("CORNETT"), agree and stipulate that the following is true. This Statement of Facts briefly summarizes the facts and circumstances surrounding the defendant's criminal conduct. It does not necessarily contain all of the information obtained during this investigation and applicable to an accurate Presentence Report and Sentencing Guidelines calculation. This Statement of Facts is not protected by proffer agreement or any other agreement, and shall be wholly admissible at trial notwithstanding any Rules or statutes to the contrary, including but not limited to, Federal Rules of Evidence 408 and 410, and Federal Rule of Criminal Procedure 11.

1. On April 24, 2023, the Jefferson Area Drug Enforcement Task Force ("JADE") conducted a controlled purchase of methamphetamine, a Schedule II controlled substance, from MICHAEL EDWARD CORNETT and one of his co-conspirators. Specifically, a confidential informant ("CI") was provided with $3000 in marked currency by JADE in which to purchase the methamphetamine. The CI traveled to 310 Commonwealth Court, Charlottesville, Virginia. There the CI met with CORNETT and provided CORNETT with $3000 in the marked funds. CORNETT then walked in front of 310 Commonwealth Court and returns shortly thereafter with approximately a pound of methamphetamine. CORNETT entered CI's vehicle and removed the

1

methamphetamine from the pocket of his hoodie and placed it on the floor board of the vehicle. The CI then drove CORNETT to a nearby gas station where the two parted ways. The CI then met with law enforcement and turned over the bought product. This transaction occurred within the Western District of Virginia. The methamphetamine purchased during this operation was subsequently sent to the Virginia State laboratory for chemical analysis. By a laboratory report dated July 17, 2024, the substance was reported to be 422g of methamphetamine, a Schedule II controlled substance.

  2. In addition to the above, law enforcement also conducted controlled purchases of methamphetamine from MICHAEL EDWARD CORNETT on May 3, 2023, and May 17, 2023. The quantity of methamphetamine purchased from CORNETT on these dates was 385 grams and 420 grams, respectively. This subsequent controlled purchases likewise occurred within the Western District of Virginia.

  3. MICHAEL EDWARD CORNETT acknowledges that during the course of the conspiracy, he conspired with others to distribute or possess with intent to distribute methamphetamine, a Schedule II controlled substance, in sufficient quantities as to total at least 500 grams, but less than 1.5 kilograms of methamphetamine.

  4. The actions taken by MICHAEL EDWARD CORNETT, as described above, were taken willfully, knowingly, and with the specific intent to violate the law. MICHAEL EDWARD CORNETT did not take these actions by accident, mistake, or with the belief that they did not violate the law.

  I, MICHAEL EDWARD CORNETT, have reviewed the above Statement of Facts with my attorney and believe the facts are true and correct. I agree that had this matter proceeded to trial, the United States would have proved the facts outlined above beyond a reasonable doubt.

5-1-24
Date

_____
Michael Edward Cornett
Defendant

5/1/24
Date

_____
Patrick J. Kenney, Esq.
Attorney for Defendant

Had this matter proceeded to trial, the United States would have proved the facts outlined above beyond a reasonable doubt. The government reserves the right to present additional evidence at the time of sentencing regarding relevant conduct of the defendant.

5-1-2024

_____
Ronald M. Huber, VA Bar No. 31135
Assistant United States Attorney

3